Green, J.
delivered the opinion of the court.
It appears from this record, that in the year 1820, in the State of Kentucky, Edmond Willis, made his will, and soon afterwards died. The will contains the following clause:
“I desire that the two negroes, namely Nancy and her child Louisa, shall be under the direction of my executors, that the profits arising from the labor of said negroes to be for the benefit of George Squires and wife and family, during the natural life of Sally Squires, that at her decease the said negroes to be the lawful property of the children of George and Sally Squires, and if there should be an increase of said negroes, as said children become of age, or marry, then to furnish them with one apiece as the case may be.”
The executors proved the will, and permitted George and Sally Squires to take possession of said two negroes. George and Sally Squires have six children now living; Pamelia Ann Squires, one of the daughters of George and Sally, intermarried with John Aldridge; and George Squires, (now dead,) gave a negro girl Julia, to Aldridge and wife, and Sally Squires sold and conveyed Julia to the defendant Old.
This bill is filed by the other children of George and Sally Squires, against Old and Aldridge and wife and Sally Squires, for the purpose of compelling Old to give bond for the forth *456 coming of Julia, and her increase at the death of Sally Squires. This is resisted by the defendant Old, on the ground that he is the absolute owner of Julia and her increase.
By the clause of the will above recited, the testator placed the negroes mentioned, under-the direction of his executors, that the profits from their labor should goto the support .of George and Sally Squires and family, during the life of Sally Squires, and at her death the negroes to be the property of -their children; and if there should be increase of the negroes, as the children became of age or married, they were to be furnished with one a piece.
The first leading object of the testator, was to provide the means of support to Sally Squires and family during her life; but if the increase of the negroes should be such, as that this might be accomplished and enable the family to part with the use of a negro a piece for the children, as they might become of age or marry, then they were to be furnished with one a piece, as the case might be. As the expressed design was, that the negroes originally given, should be for the benefit of George and Sally Squires and family, the children 'of Sally Squires were thus in his mind, as objects of his bounty, and for whose support he wished to provide, until- the -life estate should expire. The same intention, is manifest in the concluding part of the clause. Some of the children might become of age or marry, and leave the family, and thus lose the benefit of the provision which had been made for the support of the family; and therefore, in order that such an one might still have a share in the labor of the slaves, he directs that a negro a piece shall be furnished “as the case may be” — not to be furnished absolutely, but “as the case may be,” — that is, if one a piece can be furnished, and a sufficient number remain for the benefit of George and Sally Squires and family, the case would exist which would call upon the executors to comply with this injunction.
It cannot be supposed, that the testator intended, that if the negroes should have some increase, and both the original ones given, should die, such increase could be demanded by the children, as they might become of age or marry, though their mother and family would be left destitute. Such a result would *457 have defeated the manifest primary intention of the bequest. The executors were therefore, to act upon this subject in view of this primary intention, and to exercise their discretion, as the case might be.
Again, there might possibly- have been an increase’of but one or two slaves, and four or five of the children might come of age or marry. In such case, there could not be one a piece; but it does not follow, that none of them should be furnished with one, because all could not. The executors might still have furnished some two of the children with a negro a piece, as the case might be; carrying out the intention, that they who should need assistance, during the life estate, should be permitted to enjoy the labor of some portion of .these slaves.
But if the defendant’s construction of this will, were the true one, the mother might have been left destitute of support by the death of the original stock, and by the increase being furnished to some of her children that might be of age or married. And if there were not so many negroes of the increase, as there were children, those to whom a negro might-be furnished by reason of having first married, or become of age, would be alone ben-efitted by the bequest; the other would get nothing. This would have defeated the second leading intention of the testator; namely, an equal distribution of the property among the children, at the death of Sally Squires. For the provision, that at her decease, the negroes were to be the lawful property of the children of George and Sally Squires, clearly indicates the intention, that these children should share equally.
We do not doubt therefore, that the true construction of the' will is, that a beneficial interest is given to George and Sally Squires and family, during the life of Sally Squires, not only to the original stock, but to the increase also; and at her death, the whole are to be equally divided among the children of George and Sally Squires.
We think therefore, that if the executors had given the girl Julia, to Aldridge and wife, they would have acquired no interest to her, except for the life of Sally Squires.
2. But it does not appear that Julia was ever set apart to Al-dridge and wife by the executors: by the will, Nancy and *458 Louisa were to be under the direction of the executors; the negro a piece that was to be furnished the children, must of course be furnished by the executors. It is said that the possession of Julia seven or eight years is evidence that the executors assented to this legacy. This argument would be well founded, if a specific article of property were bequeathed to a, legatee. In such case the possession by the legatee of the legacy for a length of time would furnish presumption of the assent of the executors. But here, no child could claim a specific negro. He could have no right to any one of them until the executor had assigned it to him. There should have been proof therefore, that the executors acted, and assigned Julia to Aldridge and wife. No such proof is in the record, but on the contrary there is evidence that they did not act.
But the discussion of this question is unnecessary, as we think it clear, that the children could get no absolute title to any of the slaves during the life of their mother.
The defendant Old must enter into bond with sufficient surety, for the forthcoming of Julia and her increase, at the death of Sally Squires.
Affirm the decree.